# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FREDDIE LORENZO SCOTT,**

        **Plaintiff,**

**-vs-**                                **Case No. 6:06-cv-1418-Orl-28KRS**

**BANK OF AMERICA,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES (Doc. No. 2)** |
| **FILED:** | **September 15, 2006** |

On September 15, 2006, Plaintiff Freddie Lorenzo Scott filed a complaint against Bank of America. Doc. No. 1. Scott also filed an application under 28 U.S.C. § 1915 to proceed without prepayment of fees. Doc. No. 2. Scott then filed an amended complaint on September 22, 2006. Doc. No. 5.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Scott's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section

1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, a determination has to be made whether this Court has subject matter jurisdiction. "Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal quotations and citations omitted).

**I.    STANDARD OF REVIEW.**

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under section 1915(e)(2)(B). Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

**II.    ANALYSIS.**

Scott alleges that on September 5, 2006, he went to the South Orange Blossom Trial branch of Bank of America and opened an account. His initial deposit was $25. Scott asserts that, on the next day, he went back to that same branch of Bank of America and deposited $175 into his account. When trying to access his account online later that day, he discovered that his account had been closed without his consent. Scott claims that he only received $140 from Bank of America when it closed his account, despite having deposited $200. Scott's complaints allege conversion and breach of contract. Doc. No. 5 at 1-2.

It is not clear from the complaints what, if any, basis for federal jurisdiction exists in this case. Scott alleges that Bank of America violated Section 1 of Amendment XIV of the United States Constitution. Section 1 of the fourteenth amendment states that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. Scott has failed to allege any information about Bank of America that suggests that it was an agent of a state or was acting under color of state law. Accordingly, the complaints are insufficient to establish that this Court can exercise federal question jurisdiction. 28 U.S.C. § 1331.

In order for the Court to exercise diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. Scott does not allege the state in which he and the defendant are citizens and the amount in controversy

appears to be less than the required threshold amount. Therefore, the complaints are insufficient to establish that this Court can exercise diversity jurisdiction.

Because this Court may not proceed unless subject matter jurisdiction is clear, *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004), I respectfully recommend that the Complaint be dismissed without prejudice, and that the motion for leave to proceed *in forma pauperis*, doc. no. 2, be denied without prejudice. Scott should be given leave to file a second amended complaint to allege a basis for this Court to exercise jurisdiction. *Cf. Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)). Alternatively, of course, Scott may file his complaint in state court.

Should Scott choose to refile in this Court rather than in state court, he must follow the pleadings requirements of this Court. In order to state a claim that is cognizable in federal court, Scott must state a claim, based on fact and law, that falls under the federal court's jurisdiction.

To state a claim based on a federal question, Scott must include in his second amended complaint a description of actions taken by the defendant that allegedly violate the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Scott must identify the specific provision of the Constitution, federal law, or treaty that was violated. He must then explain the actions taken by the defendant that allegedly violated the cited provision and describe how he was harmed by the defendant's actions. Scott must also identify the defendant with reasonable specificity by providing the defendant's complete name and address.

To state a claim based on diversity jurisdiction, Scott must allege that he and the defendant are citizens of different states. A corporation is "a citizen of any State by which it has been

incorporated and of the State where it has its principal place of business." *Vareka Invs., N.V. v. American Inv. Props., Inc.*, 724 F.2d 907, 909 (11th Cir.1984) (quoting 28 U.S.C. § 1332(c)(1)). As with any claim, Scott must provide the complete name and address of the defendant. He also must state in his second amended complaint the facts upon which he believes the defendant violated a law and the way in which the violation harmed him.

### III.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the amended complaint filed in this action, doc. no. 5., be **dismissed without prejudice**, and that the motion to proceed *in forma pauperis*, doc. no. 2, be **denied without prejudice**. I further recommend that the Court give the plaintiff eleven days from the date of the ruling on this Report and Recommendation to file a second amended complaint and a renewed motion to proceed without payment of fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 29, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy